**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-50218 |
| Plaintiff - Appellee, | 14-50219 |
| v. | D.C. Nos. 3:14-cr-00012-DMS |
| | 3:09-cr-02325-DMS |
| EFRAIN ARMENTA-AGUILAR, a.k.a. | |
| Efrain Sanchez-Armenta, Jose Sanchez-Armenta, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Efrain Armenta-Aguilar appeals from the district court's judgments and

challenges the 27-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 12-

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

month-and-one-day consecutive sentence imposed upon revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Armenta-Aguilar contends the district court procedurally erred in imposing his illegal reentry sentence by failing to (i) justify the 12-month upward variance, and (ii) explain its rejection of his mitigating arguments.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  Contrary to Armenta-Aguilar's contentions, the district adequately explained the sentence and its rejection of his mitigating arguments. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Armenta-Aguilar next contends that the alleged procedural errors rendered his attempted reentry sentence substantively unreasonable, and that his aggregate sentence of 39 months and one day is greater than necessary to meet the goals of sentencing.  The district court did not abuse its discretion in imposing Armenta-Aguilar's sentences.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentences are substantively reasonable in light of the totality of the circumstances and applicable 18 U.S.C. § 3553(a) sentencing factors, including Armenta-Aguilar's extensive immigration history, failure to be deterred, and breach of the court's trust.  *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**